UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROMOND HENRY | CIVIL ACTION |
| VERSUS | NO. 13-5035 |
| LEAH KYSER | SECTION "B" (2) |

**ORDER AND REASONS**

Plaintiff, Romond Henry, an inmate currently incarcerated in Nelson Coleman Correctional Center, has submitted an application to proceed in forma pauperis in connection with the above-captioned 42 U.S.C. § 1983 complaint. Plaintiff alleges that Leah Kyser falsely arrested him based on discriminatory racial profiling. (Rec. Doc. No. 1, Complaint). He requests monetary compensation and injunctive relief. This is a non-dispositive pretrial matter which was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Henry has been a frequent filer of civil actions while incarcerated. At least four (4) of those civil actions were dismissed as frivolous and/or for failure to state a claim for which relief could be granted. <u>Romond Henry v. Louisiana State Bar Assn.</u>, Civil Action No. 12-348 "I"(1); <u>Romond Henry v. Orleans Parish Public Defenders Office</u>, Civil Action No. 12-689 "G"(5); <u>Romond Henry v. Marlin N. Gusman</u>, Civil Action No. 12-691 "B"(4); <u>Romond Henry v. Warden Pittman, et al.</u>, Civil Action No. 12-1885 "R"(1). He has therefore accumulated three "strikes" under the PLRA.

Plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of Section 1915(g). In the present case, plaintiff has not alleged, nor does his complaint demonstrate, anything establishing that he is in imminent danger of serious physical injury. Consequently, plaintiff is <u>not</u> entitled to proceed in forma pauperis pursuant to the provisions of the Prison Litigation Reform Act. For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis is **DENIED**. 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this   16th   day of July, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2